UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SUBRAMANYUM VEDAM.,                :
                                                              CIVIL ACTION NO. 4:00-1496
          Petitioner                 :
                                                              (JUDGE MANNION)
   v.                                         :

KENNETH KYLER,                       :

          Respondent             :

## MEMORANDUM

Pending before the court is the petitioner's motion for relief from final order and judgment pursuant to Fed.R.Civ.P. 60. (Doc. 31). Upon review, the motion will be **DENIED**.

By way of relevant background, in 1988, the petitioner, an inmate currently confined at the State Correctional Institution Huntingdon, Pennsylvania, was convicted of first degree murder in the Court of Common Pleas for Centre County, Pennsylvania, in relation to the death of Thomas Kinser. He was sentenced to life without parole.

After numerous post-conviction proceedings in the state courts, on August 22, 2000, the petitioner filed a petition for writ of habeas corpus in this court claiming a violation of his due process rights on the basis that the evidence at trial was not sufficient to sustain his conviction. His petition was dismissed on May 18, 2001.

On March 21, 2024, the petitioner, through counsel, filed the pending motion claiming that he has discovered new evidence which establishes that his habeas petition was dismissed in error. Specifically, the petitioner contends that, on January 11, 2024, the Centre County District Attorney's Office released to him the FBI's file relating to his conviction which shows that the former prosecutor and the police who investigated Mr. Kinser's death engaged in improper conduct. According to the petitioner, this conduct included failing to disclose to him the measurements of the hole in the victim's skull performed by the FBI. The petitioner alleges that the FBI's file contains notes confirming that the hole in Mr. Kinser's skull was smaller than the .25 caliber bullet alleged to have killed Mr. Kinser and that the lead prosecutor was aware of the FBI's measurements of the wound hole. The petitioner contends that these measurements confirm that he could not have shot Mr. Kinser as argued by the Commonwealth. Had this evidence previously been disclosed, the petitioner argues that it would have completely undermined the Commonwealth's position in response to his sufficiency of evidence claim raised in the habeas proceedings. In arguing against the petitioner's sufficiency of the evidence claim, while failing to disclose this evidence, the petitioner argues that the Commonwealth committed a fraud upon the court.

The petitioner brings the instant motion pursuant to various subsections of Rule 60 of the Federal Rule of Civil Procedure. These provisions provide, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \*\*\*
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> \*\*\*
>
> or
>
> \*\*\*
>
> (6) any other reason that justifies relief.
>
> \*\*\*
>
> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> \*\*\*
>
> (3) set aside a judgment for fraud on the court.

Fed.R.Civ.P. 60.

To the extent the petitioner brings his motion under Fed.R.Civ.P. (b)(3), pursuant to Fed.R.Civ.P. 60(c)(1), motions made under Rule 60(b)(1)-(b)(3)

must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). The order challenged by the petitioner here was entered on May 18, 2001, almost twenty-three (23) years before the petitioner filed the instant motion. The Commonwealth has not waived any claim as to the untimeliness of the instant motion. As such, the petitioner's motion pursuant to Fed.R.Civ.P. (b)(3) is untimely. *See Lloyd v. Presby's Inspired Life*, 834 F. App'x 771, 773 (3d Cir. 2020) (motion brought pursuant to Fed.R.Civ.P. (b)(3) almost two years after entry of the order at issue was properly denied as untimely filed).

To the extent that the petitioner brings his motion pursuant to the catch-all provision of Fed.R.Civ.P. 60(b)(6), motions made under that subsection are not subject to the one-year time provision, but they must be made "within a reasonable time." *Lloyd, supra.* (citing Fed.R.Civ.P. 60(c)(1)). With this in mind, subsection (b)(6) cannot be invoked to evade application of the one-year time limitation prescribed for claims under subsections (b)(1)-(b)(3). Instead, the catch-all provision of subsection (b)(6) may be used to avoid the time bar only if it is shown that "the relief sought is based upon any other reason than a reason which would warrant relief under 60(b)[(1)-(3)]," and that extraordinary circumstances for disturbing the judgment exist. *Id.* (citing

*Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (internal quotation marks and citations omitted)).

In this case, the petitioner contends that he has new evidence that the prosecution and police officers involved in his case engaged in misconduct and perpetuated a fraud when they withheld evidence relating to the measurements of the bullet wound suffered by Mr. Kinser. Any claim of fraud or misconduct by an opposing party is properly under subsection (b)(3) and therefore cannot be brought under subsection (b)(6). As discussed above, the petitioner's motion is untimely under that subsection.

Finally, with respect to the petitioner's claim under Fed.R.Civ.P. 60(d)(3), that provision states that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(3). A motion "alleging fraud upon the court is completely distinct from a motion under Rule 60(b)." *Herring v. United States*, 424 F.3d 384, 389 (3d Cir. 2005). "A court may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in egregious misconduct." *Smith v. Kershentsef*, 2024 WL 3874227, at *2 (3d Cir. Aug. 20, 2024) (citing *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (internal quotation marks omitted). "[S]uch a finding must be supported by clear, unequivocal and convincing evidence of (1) an intentional fraud; (2) by an officer of the court;

- 5 -

(3) which is directed at the court itself." *Id.* (internal quotation marks and ellipsis omitted).

"Fraud on the [C]ourt 'must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Hatchigan v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citing *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015)). Although "the Third Circuit has not directly addressed the requisite level of fraud needed under Rule 60(d)(3)," *see Jackson v. Ivens*, 2019 WL 4604027, at *5 (D. Del. Sept. 23, 2019), other circuits have concluded that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the [C]ourt," *see Rozier v. Ford Motor Co.*, 573 F.3d 1332, 1338 (5th Cir. 1978) (internal quotation marks omitted) (quoting *United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972)), and fraud on the court does not include "fraud between the parties or fraudulent documents, false statements[,] or perjury," *see Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).

In arguing for the denial of the petitioner's motion, the respondent compares the petitioner's claims to those arising in a case out of the Eastern District of Pennsylvania, *United States v. Swint*, 2008 WL 11340362 (E.D.Pa.

Feb. 5, 2008).[1] In *Swint*, the defendant was convicted by a jury on four counts relating to the distribution of heroin and cocaine which the defendant had obtained from a FBI special agent who had stolen the drugs from the FBI's evidence room. Given his criminal history, the defendant was sentenced to mandatory minimum life sentences on Counts Two and Four. On each of Counts One and Three, the defendant was sentenced to 250 months of incarceration. All sentences were to run concurrently. On appeal, the Third Circuit affirmed the defendant's conviction and sentence. A petition for writ of certiorari was denied by the United States Supreme Court and the defendant's conviction became final.

Swint sought habeas relief, which was denied. He followed with numerous motions seeking relief from the denial of his habeas, including a motion pursuant to Fed.R.Civ.P. 60(d)[2]. In his motion, the defendant argued that the government committed fraud upon the court by withholding potentially exculpatory evidence from the court in response to his habeas

---

[1] Although *Swint* is not binding on the court, the facts are comparable and the ruling persuasive.

[2] When the defendant filed his motion, the language relating to an action alleging fraud upon the court was contained in Fed.R.Civ.P. 60(b). However, a stylistic amendment made effective in 2007 when the court issued its decision placed that language in subsection (d).

petition in the form of an FBI form covering the interview of the special agent who provided the drugs to the defendant. The defendant argued that the government had a duty to turn over the form which would have cast into doubt the credibility not only of the special agent himself but of other agents involved in the investigation of his case, and it would have cast into doubt the correctness of his conviction.

In considering the defendant's argument, the court stated:

> Defendant's motion must be denied because the conduct alleged here does not amount to fraud on the court. The Third Circuit stated in *Herring v. United States*, 424 F.3d 384, 386-87 (3d Cir. 2005) that "a determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'" (citing *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976)). Examples of such "egregious misconduct" include "bribery of a judge or jury or fabrication of evidence by counsel." *Herring*, 424 F.3d at 190 (citing *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d at 195).
>
> Assuming that the Government did not turn the FBI 302 Form over to the defense in advance of the Court's denial of defendant's habeas motion, such a failure to produce does not constitute fraud on the court as defined in *Herring*. First, the Government's apparent failure to provide the FBI 302 Form to the defense was not "misconduct directed to the court itself." *Herring*, 424 F.3d at 387. As stated above, a prosecutor's duty to disclose exculpatory evidence is owed to the defendant himself, not the Court. *See Agurs*, 427 U.S. 97; *Brady*, 373 U.S. 83. Second, this failure to produce is not the type of "egregious conduct" that the prohibition on fraud on the court aims to address. *Herring*, 424 F.3d at 390 (internal citations omitted).

> The examples of fraud on the court provided in *Herring*, "bribery of a judge or jury or fabrication of evidence by counsel," involve conduct that interferes with the proper functioning of the judicial machinery in a direct and significant way. *Id.* In this case, however, the Government's failure to turn over the FBI 302 Form to the defense did not impair the functioning of the Court.

*United States v. Swint*, 2008 WL 11340362, at *4 (E.D. Pa. Feb. 5, 2008).

As was the case in *Swint*, to the extent the Commonwealth did not turn over the evidence in the FBI's file which he claims is exculpatory, the court finds that this does not rise to the level sufficient to state a claim under 60(d)(3). As such, the petitioner's motion will be denied on this basis.[3]

An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

Dated: 3/27/25
00-1496-01

---

[3] In any event, the court finds any challenge to the petitioner's conviction based upon this newly discovered evidence is premature, as the petitioner has parallel claims pending in the state court, *see Commonwealth v. Vedam*, CP-14-CR-382-1982, and has yet to exhaust his remedies in those proceedings. *See Landano v. Rafferty*, 897 F.2d 661 (3d Cir. 1990) (dismissing as premature Rule 60(b) motion to reopen federal habeas proceedings alleging fraud arising from newly obtained evidence on the basis that the petitioner failed to exhaust state court remedies).

- 9 -