UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUBRAMANYUM VEDAM., : | |
| : | CIVIL ACTION NO. 4:00-1496 |
| Petitioner : | |
| : | (JUDGE MANNION) |
| v. : | |
| : | |
| KENNETH KYLER, : | |
| : | |
| Respondent : | |

### ORDER

On March 27, 2025, the Court issued a Memorandum and Order denying Petitioner Subramanyum Vedam ("Vedam")'s motion under Federal Rule of Civil Procedure 60. (Docs. 45, 46.) The Court concluded that (1) Vedam's motion was untimely under Rules 60(b)(3) and 60(b)(6), see (Doc. 45 at 3–5), and (2) even if he timely sought relief under Rule 60(b)(3), his assertion that the Commonwealth did not turn over allegedly exculpatory evidence in the FBI's file did not "rise to the level sufficient to state a claim under [60(b)(3)]." (Id. at 9.) In a footnote, the Court also explained: "In any event, the court finds any challenge to the petitioner's conviction based upon this newly discovered evidence is premature, as the petitioner has parallel claims pending in the state court, and has yet to exhaust his remedies in those proceedings." (Id. (citations omitted)).

Vedam now moves to have the Court alter or amend the March 27, 2025 Order pursuant to Federal Rule of Civil Procedure 59. (Doc. 47.)[1] He requests that the Court "modify the March 27, 2025[] Order in order to hold resolution of [his] . . . Rule 60 Motion . . . in abeyance until [he] exhausts his similar claims under Pennsylvania's Post Conviction Relief Act . . . pending before the Court of Common Pleas for Centre County . . . ." (*Id.* at 1.)

In support this request, Vedam argues that the Court's footnote referencing his motion being premature placed him in a "'Catch 22' position that would prevent [him] from appealing the . . . denial of his . . . Rule 60 motion." (Doc. 48 at 6.) As Vedam describes it, the Court's March 27, 2025 Order could be construed as a final appealable order which he could challenge by appealing to the Third Circuit Court of Appeals. (*Id.* at 7.) However, because of the Court's footnote indicating that he also prematurely filed his motion, "any appeal that [he] would file challenging the denial of the Rule 60 motion on the substance—*i.e.*, regarding whether his allegations would constitute fraud on the court—would be dismissed as premature" and "depriv[e him] of his ability to obtain a ruling on the merits of his appeal." (*Id.*) Moreover, he claims that if he waits to appeal from the March 27, 2025 Order

---

[1] Respondent chose not to respond to this motion. (Doc. 49.)

until he exhausts his claims in the state courts, then "any such appeal would be deemed untimely by that point." (*Id.* at 8 (citing Fed. R. App. P. 4(a)(1))).

A district court may alter or amend a judgment under Rule 59(e) if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence [that was not previously available]; or (3) the need to correct a clear error of law or prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). These limited, permissible grounds for Rule 59(e) relief illustrate that "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (quoting *Max's Seafood Café*, 176 F.3d at 677). Its purpose is not to allow a disgruntled litigant to

> "request that the Court simply rethink a decision it has already made." *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002). In such a motion, "parties are not free to relitigate issues that the Court has already decided." *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (internal citation and quotations omitted). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." *Mpala v. Smith*, CIV. 3:CV–06–841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.)[,] *aff'd*, 241 F. App'x 3 (3d Cir. 2007). "Because federal courts have a strong interest in the finality of

- 3 -

judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

*Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016).

The Court will deny Vedam's motion because he has created a fanciful "Catch 22" that does not exist. In support of his contention that the Third Circuit would not consider any merits challenge to denial of his Rule 60 motion, he cites to *Landano v. Rafferty*, 897 F.2d 661 (3d Cir. 1990). (*Id.* at 7.) In *Landano*, the Third Circuit reversed the district court's granting of Rule 60(b) relief, which resulted in the petitioner obtaining conditional writ of habeas corpus under 28 U.S.C. §2254, after concluding that he failed to exhaust his state-court remedies before filing his Rule 60 motion. *See* 897 F.2d at 675. The Third Circuit explained that Section 2254(b) required habeas petitioner to first exhaust available state remedies unless "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." *Id.* at 674 (emphasis omitted). As such, a district court had to dismiss without prejudice a habeas petition or Rule 60(b) motion for failure to exhaust unless the petitioner satisfied the exception in Section 2254(b).

Approximately six (6) years after the Third Circuit decided *Landano*, Congress modified the exhaustion requirement when it passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended Section 2254(b) to include the following provision: "An application for a writ of habeas corpus may be denied on the merits, ***notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State***." 28 U.S.C. §2254(b)(2) (emphasis added); *see also Moore v. Schoeman*, 288 F.3d 1231, 1233 (10th Cir. 2002) (discussing AEDPA's amendment of Section 2254(b)). Under the post-AEDPA version of Section 2254(b), this Court may deny Vedam's Rule 60(b) claims on the merits despite his failure to first exhaust them in the state courts. *See, e.g., Collins v. Warden James T. Vaugh Corr. Ctr.*, No. 23-1797, 2024 WL 4357221, at *3 (3d Cir. Oct. 1, 2024) ("Because Collins's claims fail on their merits, we need not examine whether each were exhausted."). Consequently, Vedam may challenge the merits of the March 27, 2025 Order on appeal to the Third Circuit,[2] and there is no reason why this Court should

---

[2] Vedam does not cite to any post-AEDPA case, and the Court found none, where the United States Supreme Court or the Third Circuit vacated a district court's decision addressing Section 2254 habeas claims on the merits because it concluded that the district court should have dismissed the
*(footnote continued on next page)*

modify that Order to stay the disposition of his Rule 60(b) motion while he continues to exhaust his claims in the state courts. Accordingly, Vedam's Rule 59 motion will be denied. The Court will also decline to issue a certificate of appealability relating to the denial of this motion as well as Vedam's Rule 60(b) motion because no reasonable jurist would disagree with these rulings or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

**NOW, THEREFORE,** in accordance with the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Vedam's Rule 59 motion to alter or amend judgment (Doc. 47) is **DENIED**.

2. A certificate of appealability will not issue.

*[signature]*

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 10/2/25

00-1496-04

---

petition or motion without prejudice due to the Section 2254 petitioner's failure to first exhaust their state-court remedies.

- 6 -